**IN THE COURT OF APPEALS OF IOWA**

No. 18-1854
Filed June 19, 2019

**MARK ROGER SCHOLTES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Dubuque County, Michael J.

Shubatt, Judge.

    Mark Scholtes appeals from the denial of his application for postconviction

relief. **AFFIRMED.**

    Sharon D. Hallstoos of Hallstoos Law Office, LLC, Dubuque, for appellant.

    Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

    Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Mark Scholtes pled guilty to third-degree burglary and was sentenced to a prison term not exceeding five years. Charges pending in another county subsequently went to trial. A jury found Scholtes guilty of eluding and leaving the scene of a personal-injury accident. The district court sentenced him to prison on the eluding conviction, with the sentence to run consecutively to the sentence imposed on the burglary conviction. *See State v. Scholtes*, No. 16-1967, 2017 WL 3525296, at *3 (Iowa Ct. App. Aug. 16, 2017) (affirming convictions for eluding and leaving the scene of an accident).

Scholtes filed a postconviction-relief application challenging his conviction, judgment, and sentence for third-degree burglary. Following an evidentiary hearing, the postconviction court denied the application.

On appeal, Scholtes contends his plea attorney in the burglary case should have advised him any prison sentence that might be imposed on the then-pending eluding charge could run consecutively to the sentence for third-degree burglary. In his view, his plea attorney was ineffective in failing to file a motion in arrest of judgment objecting to the court's acceptance of the burglary guilty plea and postconviction counsel was ineffective in failing to raise the issue of plea counsel's ineffectiveness. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring proof of breach of an essential duty and prejudice).

The claim against postconviction counsel is easily resolved. Postconviction counsel did in fact make a record on the advice Scholtes received about consecutive and concurrent sentencing. Counsel questioned Scholtes and Scholtes' plea attorney and asked the court to consider a transcript of the plea

proceeding on the burglary charge as well as transcripts of the trial and sentencing proceedings on the eluding charge. The postconviction court ruled on the issue. Because postconviction counsel raised and obtained a ruling on the precise issue Scholtes now raises, he could not have been ineffective.

We turn to Scholtes' claim that his plea attorney was ineffective in failing to inform him of the possibility that a prison sentence on the eluding charge could run consecutively to his prison sentence on the burglary conviction. At the postconviction hearing, Scholtes' plea attorney on the burglary charge, who also represented him on the then-pending eluding charge, testified he told Scholtes about this ramification. He informed Scholtes of the years in prison he would face if he were convicted and sentenced to the maximum terms of incarceration on all the charges and "if they would run consecutively." He also advised Scholtes not to plead guilty to the burglary charge while the other charges were pending. In his words, "Mr. Scholtes insisted upon" proceeding with a guilty plea to the burglary charge.

The postconviction court found the plea attorney's testimony more credible than Scholtes' testimony. We give weight to the court's credibility finding. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

Even without the credibility determination, plea counsel's postconviction testimony finds support in the transcript of the plea proceeding. There, the court asked Scholtes whether he had criminal charges pending against him "anywhere." Scholtes responded that he did, in Dubuque. The court then asked, "And you are still comfortable going ahead with the plea in this case knowing that you have other pending charges?" Scholtes responded, "Yeah." Although the court did not inform

Scholtes that the pending charges could result in a sentence that would run consecutively to the prison term in the burglary case, our precedent does not necessarily require that type of advice. *Cf. State v. White*, 587 N.W.2d 240, 241 (Iowa 1998) (requiring the court, in a single case involving a guilty plea to two charges, to inform a defendant of the possibility of consecutive sentences as part of the information about the maximum possible sentence); *State v. Buchanan*, No. 06-1866, 2007 WL 3087293, at *2 n.1 (Iowa Ct. App. Oct. 24, 2007) ("The facts in this case are arguably distinguishable from those in *White* and [*State v.*] *Straw*[,709 N.W.2d 128, 131 (Iowa 2006)] because [the defendant] pled guilty to and was sentenced on only one charge in this case. Accordingly, because of the differences between the multiple charges, pleas, and sentences involved in the cases before the district court in *White* and *Straw* and the single charge, plea, and sentence involved in the case before the district court here, we find it unnecessary to decide whether the holdings of *White* and *Straw* should be extended to cases involving a single charge, plea, and sentence."). But, even if *White* could be read as requiring such advice, it was given by counsel.

Plea counsel's postconviction testimony also finds support in the transcript of the eluding trial. There, Scholtes' attorney memorialized a plea agreement Scholtes rejected, which would have recommended his sentences run concurrently "with each other" and "with the other burglary" he was "convicted of[,] for one five-year sentence." Although Scholtes initially claimed not to understand the plea offer, he later conceded counsel explained the offer to him the previous week. He also agreed he told counsel to reject the offer and proceed to trial on the eluding charge. Finally, Scholtes answered "[y]ep" when asked if he

understood everything that was explained to him about the plea offer in the eluding case. In short, Scholtes was afforded the opportunity to obtain the precise sentence he now contends was unavailable to him—a prison sentence on the eluding conviction that ran concurrently with the burglary sentence. He rejected the offer.

We conclude plea counsel was not ineffective in his advice about the possibility of consecutive sentences. We affirm the postconviction court's denial of Scholtes' postconvicton-relief application.

**AFFIRMED.**